UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21663-CIV-LENARD/O'SULLIVAN

SACE BT S.p.A., an Italian corporation as
partial subrogee of MOBILEPREF S.p.A.,
an Italian corporation,

      Plaintiffs,

v.

ITALKITCHEN INTERNATIONAL, INC.,
a Florida corporation,

      Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (DE # 16, 6/29/11).  Having reviewed the applicable filings and law, the undersigned enters the following Order.

## BACKGROUND

On May 10, 2011, the plaintiffs filed a Complaint in this matter against the defendant which included a breach of contract claim.  (DE # 1, 5/10/11).  On June 14, 2011, the defendant filed an Answer and Affirmative Defenses in this matter.  (DE # 14, 6/14/11).  On June 29, 2011, the plaintiffs filed the Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (DE # 16, 6/29/11) and moved to strike the defendant's Second, Third, Fourth, Fifth, Sixth and Seventh affirmative defenses.  The defendant filed a response on July 18, 2011.  (DE # 20, 7/18/11).

## LEGAL STANDARD

While the federal courts do not favor striking affirmative defenses, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Federal Rule of Civil Procedure

12(f).  "Affirmative defenses are insufficient as a matter of law if they do not meet the general

pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure".  Mid-Continent

Casualty Co. v. Active Drywall South, Inc., et al, 765 F.Supp.2d 1360, 1361 (S.D.Fla. 2011).

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of a party's defense.

While "an affirmative defense 'does not need detailed factual allegations, [it] requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do.'"  Id, quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S.Ct.1955, 167

L.Ed.2d 929 (2007).

## ANALYSIS

The plaintiffs seek to strike the defendant's Second, Third, Fourth, Fifth, Sixth and

Seventh affirmative defenses.  The plaintiffs assert that the aforementioned affirmative

defenses are insufficient.  The plaintiffs argue that the "Second, Third, Fourth, Fifth and Sixth

Affirmative Defenses are insufficient as a matter of law because they do nothing more than

state bare legal conclusions without an accompanying 'short and plain statement' in support

thereof."  Plaintiffs' Motion to Strike Defendant's Affirmative Defenses, (DE # 16, at p. 3), citing

Fed. R. Civ. P. 8(a); Castillo v. Roche Laboratories Inc., 2010 WL 3027726 at *1.  Citing again

to Castillo, the plaintiffs argue that the defendant "fails to plead any supporting facts or the

elements of the defense that would give Plaintiff's 'fair notice' of the defense being asserted" in

support of the Second, Third, Fourth, Fifth and Sixth Affirmative Defenses.  Plaintiffs' Motion to

Strike Defendant's Affirmative Defenses, (DE # 16, at p. 3), citing   Castillo v. Roche

Laboratories Inc., 2010 WL 3027726 at *4.  An affirmative defense may be stricken if it fails to

satisfy the pleading requirements of Rule 8 and Twombly.  See Twombly at 1362.  The

defendant has failed to satisfy the pleading requirements of Rule 8 and Twombly in this matter

because the defenses merely states conclusions.  Accordingly, the plaintiffs' motion is granted

with respect to the Second, Third, Fourth, Fifth and Sixth Affirmative Defenses.

The plaintiffs further argue that the Seventh Affirmative Defense should be stricken because that affirmative defense is not properly pled as an affirmative defense.  The defendant's Seventh Affirmative Defense is that the plaintiffs have failed to state a claim upon which relief can be granted.   If an affirmative defense points out a defect in the prima facie case of a plaintiff, that affirmative defense is not actually an affirmative defense, it is a denial.  See Zeron v. C&C Drywall Corporation, Inc., 2009 WL 2461771 (S.D.Fla. 2009).  Accordingly, the defendant's Seventh Affirmative Defense in this matter shall be considered a denial.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (DE # 16, 6/29/11) is **GRANTED** in accordance with the foregoing  Order.  The defendant has until January 20, 2012, to correct any affirmative defenses in this matter.

DONE AND ORDERED in Chambers, at Miami, Florida, this 6th day of January, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE


Copies provided to:
United States District Judge Lenard
All counsel of record

3